O. J. CLARK v. OSCEOLA COUNTY, Appellant.

**Appointed Attorney: STATUTORY FEE.** Code, section 5314, provides that an attorney appointed to defend a person indicted for a felony, other than homicide and not punishable by life imprisonment, shall receive from the county the sum of ten dollars in full for his services, and that only one attorney in any one case shall receive such compensation. *Held,* that where an attorney was appointed to defend two defendants, jointly indicted and tried, there were, in legal effect, two appointments, and that he was entitled to the statutory fee for each.

*Appeal from Osceola District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, FEBRUARY 2, 1899.

ACTION for attorney's fees for services in a criminal case, not a homicide, nor punishable by life imprisonment, rendered under an appointment by the court. Judgment for plaintiff, and the defendant appealed.—*Affirmed.*

*C. M. Brooks* for appellant.

*O. J. Clarke pro se.*

GRANGER, J.—The case certified presents the question whether, when an attorney is appointed to defend two persons jointly indicted for a felony, is he entitled to ten dollars for each person, or to but ten dollars for both? The petition shows that the defendants in the criminal case were jointly indicted, but not whether separate trials were had or not, and we assume that both were tried at the same time. The question, then, is, where two persons are jointly indicted and tried, and an attorney is appointed to defend for both, is he entitled to the statutory compensation of ten dollars for each person, or to ten dollars for both? The case is pre-

sented on a demurrer to the petition. The statute provides
(Code, section 5314) : "An attorney appointed by the court
to defend a person indicted for homicide, or any offense the
punishment of which may be life imprisonment, shall receive
from the county treasury a fee of twenty dollars per day for
time actually occupied in court in the trial of defendant. If
the prosecution be for other felony, he shall receive the sum
of ten dollars in full for services. Such attorney need not
follow the case into another county or into the supreme court,
but if he does so shall receive an enlarged compensation on a
scale corresponding to that fixed by this section. To be
entitled to such compensation, the attorney must file with
the court his affidavit that he has not directly or indirectly
received, or entered into a contract to receive, any compensa-
tion for such services from any source. Only one attorney
in any one case shall receive such compensation." It will be
seen that in the first sentence of the section the court is
authorized to appoint an attorney "to defend a person." In
the last sentence it is provided that only one attorney "in any
one case" shall receive such compensation. The contention
arises over the use of the word "person" in the first sentence,
and the word "case" in the last, the idea being that "case"
means the issues presented on the indictment by the pleas
thereto. We think the construction not doubtful. There
are, in legal effect, two appointments, one for each person.
The pleas may be the same, and they may not be. The issues
are as to each, and each makes his personal defense. One
may be convicted and the other may be acquitted. The
judgment, in its operation and enforcement, is as to each,
so far as punishment or penalty is concerned. Separate
trials may be awarded and had. If both are convicted, there
are two convictions, and two judgments to be enforced, and a
performance of the judgment by one is not a performance for
or by the other. We understand the words "in any one case"
to mean an indictment against any one person; for that is,
in legal contemplation, a case. The judgment is AFFIRMED.